This is a controversy without action, heard on the following agreed facts:
Zion Reid, late of Wayne County, died on the ....... day of .........., 1890, having executed his last will and testament, duly probated and recorded in the office of the clerk of the Superior Court of (867) said Wayne County, in words and figures as follows:
Be it remembered that I, Zion Reid, of Wayne County, in the State of North Carolina, being of sound mind and memory, but being well aware of the uncertainty of this life, do make this my last will and testament.
After the payment of my just debts and funeral expenses I bequeath and devise as follows: My wife, Lucy Reid, should she be the longest liver, shall have full control of my property during her life, and then all my land shall be equally divided among my children or their lawful heirs; provided that Billie and Zion J. shall each have 8 acres of land lying around the house and then an equal division with the others of the remainder. Of my other property, in whatever it may consist, Billie and Zion shall each have $150, Julius $100, and Bryant Smith $50 and James $10. After this, each one of my children, except Julius, shall share equally in the remaining. That I further devise that no one of the children shall have power to sell or in any way encumber any part or parcel of said land; that each shall have possession during his or her life, then the same shall be held by his or her lawful heirs during their life, etc. James shall only be subject to hold that part allotted if his family be agreeable to the other children and neighbors. I further direct that my son Isaac and E. E. Smith be administrators of the estate.
ZION REID.
 Witness: J. F. DOBSON. J. A. WASHINGTON.
That in the year 1899 the lands devised in said will, and which were at the time of his death owned by the said Zion Reid in fee, were partitioned among the children of the said testator in accordance with the provisions of said will, 8 acres around the house being allotted in severalty to Billie Reid, and also another lot of 13 acres, as his equal share of the other lands; that on 15 January, 1901, the said Billie Reid and wife, ............... Reid, executed and delivered to J. R. Short a mortgage deed, sufficient in form to convey a fee, conveying to him all the said lands allotted to said Billie Reid in said division, said mortgage being registered in the office of the register of deeds of said Wayne County in Book 81, page 261; that said mortgage was duly foreclosed and all the lands embraced in said mortgage were duly conveyed by a *Page 925 
commissioner, under said foreclosure suit, to the said J. R. Short by deed dated 3 January, 1905, which was duly registered in the office of the register of deeds of said Wayne County in Book 86, page 524, said deed being in form sufficient to convey a fee, and since the execution and delivery of said deed the said J. R. Short has been in possession of said lands under said deed; that on the .......... day of January, (868) 1916, the defendant T. D. Gurley executed a written contract whereby he agreed to purchase from the plaintiff J. R. Short said lands, and on 2 February, 1916, the said J. R. Short executed and tendered to the defendant T. D. Gurley a good and sufficient deed with warranty, sufficient in form to convey to the said T. D. Gurley said lands in fee, free from encumbrances, and the said T. D. Gurley refused to accept said deed and carry out said contract to purchase said land, on the ground that the said deed did not convey a fee-simple title to said lands by reason of the provisions of the will of Zion Reid, which will, the defendant T. D. Gurley contends, devised only a life estate to the said Billie Reid.
That Lucy Reid, widow of the said Zion Reid, died on the ........ day of January, 1891; that the said Billie Reid had never been married at the time of the death of his father, the said Zion Reid, and at that time had no children; that the said Billie Reid died intestate in the year 1913, leaving surviving him four children, who are still living.
The questions submitted to the court upon this case are as follows:
1. Was a fee-simple estate devised by the will of Zion Reid, deceased, to his son, Billie Reid?
2. Did said Billie Reid have the right to convey said land by mortgage?
3. Did the mortgage executed by said Billie Reid to J. R. Short convey a fee-simple title to said land?
Judgment was rendered in favor of the plaintiff and the defendant excepted and appealed.
The decision of this controversy depends on the construction of the will of Zion Reid, and when the whole will is considered it is manifest that in the first part the testator devised the land in fee to his children, subject to the life estate of his wife, and that in the latter part it was not his intention to reduce the estate to the children from a fee simple to a life estate, but to place a restraint on the right of alienation, which he could not do. Trust Co. v. Nicholson, 162 N.C. 263.
Affirmed. *Page 926 
(869)